# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 4, 2004

## STATE OF TENNESSEE v. DARRY MILLER

**Appeal from the Circuit for Lauderdale County**
**No. 6833      Joseph H. Walker, III, Judge**

---

**No. W2003-01511-CCA-R3-CD  - Filed September 13, 2004**

---

Darry Miller appeals from his Lauderdale County Circuit Court conviction of delivery of a Schedule II controlled substance less than 0.5 grams.  He claims that the evidence presented at trial is insufficient to sustain a conviction.  We disagree and affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY L. SMITH, JJ., joined.

Julie K. Pillow, Somerville, Tennessee (at trial and on appeal); and Clifford K. McGown, Jr., Waverly, Tennessee (on appeal only), for the Appellant, Darry Miller.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey Brewer, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

It is undisputed that on August 26, 1999, an undercover law enforcement officer purchased 0.4 grams of cocaine base for $50 from an individual in Lauderdale County.  What is disputed is the identity of the seller.  At trial the state contended that the defendant sold the officer the drugs, but the defendant claimed that he was the victim of mistaken identity and the actual seller had been his brother, Marcus Miller.  The undercover officer knew neither the defendant nor his brother, and the initial identification was made by another officer who watched a videotape of the transaction.  This officer identified Marcus Miller as the drug dealer.  However, the officer began to have doubts, and upon further review of the tape with the assistance of a second officer, they identified the defendant as the person who sold drugs to the undercover operative.  Both the undercover officer and the identifying officer testified at trial that they were certain that the defendant was the person who sold the drugs.

The defendant challenged the proof against him by offering his own testimony that he had never been in trouble with the law, whereas his brother's record was not unblemished. The defendant claimed that his brother had used the defendant's name at times when he had been arrested. Further, the defendant's brother had been indicted for, and ultimately pleaded guilty to, a drug sale occurring on the same date as the one with which the defendant was charged.

After receiving the proof, the jury found the defendant guilty of delivery of less than 0.5 grams of a Schedule II controlled substance. This appeal followed.

When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Dykes*, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990), *overruled in part by State v. Hooper*, 29 S.W.2d 1 (Tenn. 2000).

In determining the sufficiency of the convicting evidence, this court does not re-weigh or re-evaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this court. *Id*. In *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973), our supreme court said, "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the state."

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. *Id*.

In the present case, the state presented proof that the defendant sold drugs to an undercover officer. The defendant disputed this proof and offered an alternative identity of the seller. The jury chose to accredit the testimony of the state's witnesses over the proof offered by the defendant. Such was its prerogative as the trier of fact. Where, as here, the record contains evidence which when viewed in the light most favorable to the state supports the jury's guilty verdict, we are not free to second-guess the jury's assessment of witness credibility and the weight afforded the

evidence.  *See id.*  In his appeal, the defendant asks us to reweigh the evidence and accredit his proof over that offered by the state.  Because we cannot do this, the judgment is affirmed.


_____

JAMES CURWOOD WITT, JR., JUDGE